# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4067 | **DATE** | 9/7/2000 |
| **CASE TITLE** | Kiest, Sr. vs. Kiest, Jr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] In sum, this case does not involve any issue of patent infringement or validity, and it does not depend in any way on interpretation of the patent that was issued to Larry Jr. For these reasons, the Court grants plaintiff's motion to remand. The case is hereby remanded to the Circuit Court for the Thirteenth Judicial Circuit.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 12 2000 | 15 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| OR6 | courtroom deputy's initials | 00 SEP 11 PM 4:20 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY KIEST, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 00 C 4067 |
| LARRY KIEST, JR., | ) ) ) |
| Defendant. | ) ) |

DOCKETED SEP 1 2 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case, Larry Kiest, Sr., sued his son, Larry Kiest, Jr., in state court. Larry Sr. alleged that he had entered into a contract with Larry Jr. under which he paid Larry Jr. $6,901.83 in return for a 50% interest in all profits, losses, and expenses connected with an "expandable pipelining method" for which Larry Jr. had a patent application pending (and for which he later received a patent, according to the complaint). Larry Sr. alleged that Larry Jr. had refused to pay what he owed; he sought damages for breach of contract, as well as an accounting.

Larry Jr. removed the case to this Court, contending that Larry Sr.'s claim arises under federal law, in that "[f]ederal patent law is a necessary element of plaintiff's breach of contract claims." Notice of Removal, ¶2. Larry Sr. has moved to remand the case to state court.

A civil action brought in state court may be removed to federal court only if a federal court could have exercised original jurisdiction over the case. 28 U.S.C. §1441(a); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Jim Arnold Corp. v. Hydrotech Systems, Inc.,* 109 F.3d 1567, 1571 (Fed. Cir. 1997). District courts have original jurisdiction of "any civil action



arising under any Act of Congress relating to patents." 28 U.S.C. §1338(a). A claim arises under the patent laws if patent law creates the cause of action or is a necessary element of one of the plaintiff's well-pleaded claims. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-09 (1988); *Jim Arnold*, 109 F.3d at 1571.

Under the "well-pleaded complaint" rule, whether a claim arises under federal law "'must be determined from what necessarily appears in the plaintiff's statement of his own claim ..., unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Christianson*, 486 U.S. at 809 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)). On the other hand, the fact that the complaint contains no reference to patent law is not always determinative; a plaintiff may not defeat removal by leaving out of his complaint necessary federal questions. *Christianson*, 486 U.S. at 809 n.3; *Franchise Tax Board*, 463 U.S. at 22.

Larry Sr. has stated a simple breach of contract claim; on its face the claim does not appear to involve any issues of patent law. The mere fact that a patent is somehow involved in a case does not create federal jurisdiction. Nearly 75 years ago, the Supreme Court held that a suit "for any remedy in respect of a contract permitting the use of [a] patent, is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such." *Luckett v. Delpark*, 270 U.S. 496, 502 (1926); *see also Jim Arnold*, 109 F.3d at 1575-76. *Luckett* was an action for a declaratory judgment concerning the parties' rights and duties under an agreement providing for payment of royalties on a patented product; the Court held that the claim did not arise under the patent laws.

Larry Jr. argues, however, that patent law is a necessary element of Larry Sr.'s claim. He

2

contends that to establish his claim, Larry Sr. will have to "prove that any royalties allegedly withheld by Defendant were for activities falling within the scope of the then-pending patent application." Dfdt. Rsp. at 4-5. To support jurisdiction, Larry Jr. relies on *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368 (Fed. Cir. 2000), in which the court held that a breach of contract claim by an exclusive patent licensee who claimed that the licensor had sold the patented product (a valve) in violation of the license arose under the patent laws. The defendant sold more than one type of valve; the court concluded that to prove liability, the plaintiff would have to show that the defendant had sold valves that were covered by the licensed patents, and the court would have to interpret the patents and determine whether they were infringed by sales of the valves. *Id.* at 1372.

The same is not true here. The contract between Larry Sr. and Larry Jr. reflects that at the time it was made, Larry Jr. had not yet obtained a patent for his invention. By virtue of the contract, Larry Sr. obtained a cut of the take from the invention whether or not Larry Jr. ever obtained a patent, and irrespective of the scope of that patent. Thus unlike in *U.S. Valves*, Larry Sr.'s claim does not depend on the terms of the patent. If there ends up being an issue concerning whether a particular activity by Larry Jr. is covered by the agreement, it will turn on what was meant by the contract's reference to "the expandable pipelining method," not by reference to the scope of the issued patent.

In sum, this case does not involve any issue of patent infringement or validity, and it does not depend in any way on interpretation of the patent that was issued to Larry Jr. For these reasons, the Court grants plaintiff's motion to remand. The case is hereby remanded to the

Circuit Court for the Thirteenth Judicial Circuit.

*[signature]*
MATTHEW F. KENNELLY
United States District Judge

Date: September 7, 2000